UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Case No. 20-10324 JEB |
| Barry Wisner Chapin | Chapter 7 |
| Debtor | |

**MOTION OF HINGHAM INSTITUTION FOR SAVINGS FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE RIGHTS WITH RESPECT TO REAL PROPERTY**
(Regarding 34 Fairfield Street, Unit 2, Boston, MA)

Hingham Institution for Savings ("Hingham Savings" or the "Bank"), by and through its undersigned counsel, requests this Court for entry of an order granting Hingham Savings relief from the automatic stay (the "Motion") pursuant to section 362(d)(1) and (2) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure and Rule 4001-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts, to exercise its rights and remedies against Barry Wisner Chapin (the "Debtor") under the loan documents as defined below, including its right to foreclose upon the Debtor's real property known and numbered as 34 Fairfield Street, Unit 2, Boston, MA. (the "Property").

## I. PRELIMINARY STATEMENT

This case arises from a note granted by the Debtor to HIS secured by a mortgage against the Property. Hingham Savings asserts that there is sufficient cause to lift the automatic stay as the Debtor has failed to pay condominium fees, pay the real estate taxes or make post-petition payments. Further, the Debtor lacks equity in the Property, and it is not necessary to an effective

1

reorganization. The Debtor has defaulted on his obligations under the note by failing to make monthly payments due on or about December 1, 2018 and thereafter.

## II.    JURISDICTION

1. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a) and 1334.  This case is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(G).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    FACTS

2. On February 4, 2020 (the "Petition Date"), the Debtor filed this case for relief under chapter 7 of the Bankruptcy Code.

3. Prior to the Petition Date, on November 25, 2015, the Debtor granted a note to HIS in the face amount of $525,000.00 (the "Note").  To secure payment of the Note, Debtor granted to HIS a first priority mortgage on 34 Fairfield Street, Unit 2, Boston, MA and recorded the same with the Suffolk County Registry of Deeds in Book 55380 Page 285. A copy of the Note is attached hereto as **Exhibit Note**.  A copy of the Mortgage is attached hereto as **Exhibit Mtg**.

4. The Note featured a thirty year term with an interest rate fixed at three and 875/1000 percent per annum (3.875%). Payments were due in an amount sufficient to amortize the loan over thirty years.

5. Prior to the Petition Date on or about November 25, 2015 the debtor recorded a declaration of homestead with the Suffolk County Registry of Deeds in Book 55380 Page 305 attached hereto and made a part hereof as **Exhibit Homestead**.

6. Prior to the petition date the Debtor's monthly payment for principal, interest and real estate tax escrow was $3,162.05.

7. The Debtor last paid the November 2018 payment. The debtor failed to pay the subsequent sixteen loan payments. Said payments include escrows for real estate taxes.

8. On or about June 6, 2019 and November 25, 2019 Hingham paid the total sum of $6,502.00 on behalf of the Debtor to the 32-34 Fairfield Street Condominium for unpaid condominium fees.

9. Upon information and belief the Debtor not paid any amount towards condominium fees since May 2019.

10. An MLC dated January 13, 2020 shows that the first and second quarter real estate tax bills were unpaid. A copy of the MLC is attached hereto as **Exhibit MLC**. Hingham subsequently paid the first, second and third quarter real estate taxes due on or about February 7, 2020.

11. The total indebtedness to HIS is as follows as of April 15, 2020:

| | | |
|---|---|---|
| Principal Balance | - | $ 488,591.05 |
| Interest | - | $  27,526.27 |
| Late charges | - | $    1,036.84 |
| Non-sufficient funds fees | - | $         70.00 |
| Escrow | - | $    3,391.48 |
| Expenses | - | $  20,116.12 |
| Condo Fees | - | $    6,502.00 |
| RE Taxes Paid | - | $    6,706.82 |

**TOTAL DUE**            **$553,940.58**

    A.    Valuation:

12. A May 2019 appraisal of the Property was obtained by Hingham and suggests the value of the Property to be $895,000. A copy of the appraisal is attached hereto as **Exhibit**

3

**Appraisal**. Costs of sale are estimated to be $49,581.20[1]. Fair market value net valuation of the Property would therefore be $845,418.80

13. In order to determine value for the purposes of Bankruptcy Code section 362, HIS is entitled to use the liquidation value of the Property, which is generally estimated to be 15% less, or **$718,605.98**.

   **B. Encumbrances:**

14. Title to the property shows the following encumbrances:

| | |
|---|---|
| Mortgage to Hingham in the sum of $525,000.00 with a current balance due of | $553,940.58 |
| Federal Tax Lien recorded 9/28/2016 | $244,579.65[2] |
| Federal Tax Lien recorded 12/12/2016 | $322,598.61[3] |
| Massachusetts Tax Lien recorded 7/18/2018 | $20,187.89 |
| Massachusetts Tax Lien recorded 4/29/2019 | $8,397.77 |
| Child Support Lien recorded 5/31/2019 | $41,307.50 |
| Mortgage to David M. Ferris recorded 12/26/2019 | $55,571.28 |
| **TOTAL ENCUMBRANCES** | **$1,014,055.70** |

15. The Mortgage is the first priority lien against the Property. The Property is the only collateral securing the Note. Upon information and belief, there are no outstanding secured encumbrances other than listed above, against the Property.

16. The Debtors statement of Intention indicates that he will surrender the Property.

---

[1] Estimated costs of sale based upon a sales price of $895,000.00 are as follows: 5% broker commission $44,750; excise tax stamp $4,081.20; anticipated closing costs $750.00.
[2] The IRS subsequently recorded a partial release of its tax lien on July 6, 2017 with the Suffolk County Registry of Deeds in Book 58185 Page 350 which released an unrelated property from this lien and acknowledged receipt of the payment of $232,527.58.
[3] See above.

## IV.    GROUNDS FOR RELIEF

17.    Cause for relief from the automatic stay under Bankruptcy Code section 362(d)(1) exists for cause because the debtor has failed to pay its monthly principal and interest obligations, failed to pay condominium fees and failed to pay real estate taxes.

18.    Sections 362(d)(1) and (2) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of the party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (s) of this section, such as by terminating, annulling, modifying, or conditioning such stay …
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2)    with respect to a stay of an act against property under subsection (a) of this section, if—
>    A. the debtor does not have an equity in such property; and
>    B. such property is not necessary to an effective reorganization;

*See* 11 U.S.C. §§ 362 (d)(1) and (2).

19.    HIS is not receiving adequate protection in the form of regular monthly payments.

20.    Cause exists as the debtor has failed to make post-petition payments.

21.    Cause exists as the debtor has failed to pay real estate taxes. The Debtor's failure to pay municipal taxes jeopardize the priority status of the movant's lien. Hingham paid $6,706.82 to the City of Boston on February 7, 2020.

22.    Cause exists as the debtor has failed to pay condominium fees. Hingham has paid $6,502.00 to the condominium association on June 6, 2019 and November 25, 2019.

23. Additionally, relief from the automatic stay under Bankruptcy Code section 362(d)(2) is necessary because the Debtor does not have equity in the Property and the Property is not necessary for an effective reorganization.

24. A recent appraisal indicates that the Fair Market Value of the Property is $895,000. Recorded Encumbrances total $1,014,055.70. Therefore, the Debtor has no equity in the Property.

25. Based upon the foregoing, the Movant respectfully submits that it is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) and (2).

## RELIEF REQUESTED

WHEREFORE, Hingham Institution for Savings respectfully requests that this Court enter an order substantially in the form filed herewith, and award the following relief:

A. Granting Hingham Institution for Savings, its successors and/or assigns, relief from the automatic stay for the purpose of exercising its rights under its agreements with the Debtor and under applicable law, including without limitation, taking possession of the Property and/or foreclosing or accepting a deed in lieu of foreclosure of its Mortgage on the Property;

B. Granting Hingham Institution for Savings such other relief as is just and proper; and

C. Granting such other and further relief as the Court deems just and proper under the circumstances.

Dated:  April 16, 2020

Respectfully Submitted,
**Hingham Institution for Savings**,
By its attorneys,
Gaughen, Gaughen, Lane & Hernando, LLP

                                                  /s/ Kevin W. Gaughen, Jr.
Kevin W. Gaughen, Jr. BBO #670458
528 Broad Street
Weymouth, MA 02189
P (781) 335-0374
F (781) 340-6315
kevingaughenjr@gaughenlane.com

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Case No. 20-10324 JEB |
| Barry Wisner Chapin | Chapter 7 |
| Debtor | |

### CERTIFICATE OF SERVICE

    I, Kevin W. Gaughen, Jr., state that on **April 16, 2020**, I electronically filed the foregoing Motion for Relief from Stay with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system. I served the foregoing document on the following CM/ECF participants:

David G. Baker, Esq. for the Debtor
John Fitzgerald, Assistant US Trustee
Harold B. Murphy, Esq.
Kathleen Cruickshank, Esq.
Christopher M. Condon, Esq.
Richard B. Reiling, Esq.
Dean Lennon, Esq.
Richard T. Mulligan, Esq.
Elizabeth Dailey, Esq.
Reneau J. Longoria, Esq.
Ellen A. Shapiro, Esq.

I certify that, pursuant to Local Rule 4001-1(f) I will mail on this date, by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants as shown on the following pages.

**April 16, 2020**
    Respectfully Submitted,
    **Hingham Institution for Savings**,
    By its attorneys,
    Gaughen, Gaughen, Lane & Hernando, LLP

    ____/s/ Kevin W. Gaughen, Jr.____
    Kevin W. Gaughen, Jr. BBO #670458
    528 Broad Street Weymouth, MA 02189
    P (781) 335-0374
    F (781) 340-6315
    kevingaughenjr@gaughenlane.com

Mr. Barry W. Chapin
34 Fairfield Street, Unit 2
Boston, MA 02116

City of Boston
Treasurer/Collector of Taxes
1 City Hall Square
Boston, MA  02201-2004

David M. Ferris
325 Donald Lynch Blvd.
Suite 200
Marlboro, MA 02116

Internal Revenue Service
7940 Kentucky Drive
Stop 2850F
Florence, KY 41042

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Mass Department of Revenue
Child Support Enforcement Division
100 Cambridge Street
Boston, MA  02114

Mass Department of Revenue
P.O. Box 7003
Boston, MA  02204

Mass Department of Revenue
Attn: Tax Lien Dept.
100 Cambridge Street
Boston, MA  02114

UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | Case No. 20-10324 JEB |
| Barry Wisner Chapin | Chapter 7 |
| Debtor | |

**ORDER ON MOTION OF HINGHAM INSTITUTION FOR SAVINGS
FOR RELIEF FROM THE AUTOMATIC STAY**
**(Regarding 34 Fairfield Street, Unit 2, Boston, MA)**

This matter coming before the Court on the Motion of Hingham Institution for Savings for Relief From the Automatic Stay (the "Motion for Relief")[4]; the Court finding that notice of the Motion for Relief given by Hingham Institution for Savings was sufficient; no objection thereto having been filed or if filed said objection having been withdrawn or overruled, and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Motion for Relief establish just cause for the relief herein granted;

IT IS HEREBY ORDERED THAT:

    1.    The Motion for Relief is GRANTED.

    2.    Hingham Institution for Savings, its successors and/or assigns, are granted relief from the automatic stay for the purpose of exercising its rights under its agreements with the Debtor and under applicable law, including without limitation, taking possession of the Property, foreclosing or accepting a deed in lieu of foreclosure of its Mortgage on the

---

[4] Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to such terms as in the Motion for Relief.

Property and/or if necessary, to bring an eviction proceedings against the debtor, all in accordance with applicable state and federal law;

3.  The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

BY THE COURT

_____
Honorable Janet E. Bostwick
United States Bankruptcy Judge

Dated: _____, 2020