# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| | ) | **Chapter 7** |
| **BARRY WISNER CHAPIN** | ) | |
| | ) | **Case No. 20-10324 JEB** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**NOTICE OF INTENDED PRIVATE SALE, DEADLINE FOR OBJECTIONS AND
COUNTEROFFERS, AND FINAL HEARING ON MOTION BY CHAPTER 7 TRUSTEE
FOR ENTRY OF ORDER AUTHORIZING THE SALE OF REAL PROPERTY BY
PRIVATE SALE, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES**
*(225 NE 1st Street, No. 406, Delray Beach, Florida)*

**PLEASE TAKE NOTICE** that pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P.
2002(a)(2), 6004, and in accordance with the *Motion By Chapter 7 Trustee For Entry of Order
Authorizing Sale of Real Property By Private Sale Free And Clear Of Liens, Claims, Interests
And Encumbrances* ("Sale Motion"), Harold B. Murphy as he is the Chapter 7 Trustee (the
"Trustee") of the bankruptcy estate (the "Estate") of Barry Wisner Chapin (the "Debtor" or
"Chapin"), intends to sell all of the Estate's right, title and interest in certain real property located
at 225 NE 1st Street, No. 406, Delray Beach, Florida ("Real Property") to Richard and Julie
Simon or their nominee ("Purchasers") for the sum of $652, 000.00 ("Purchase Price").   The
terms of the sale are more particularly described below, and are also disclosed in the Sale Motion
and the purchase and sale agreement ("Sale Agreement") attached to the Sale Motion.   Copies of
the Sale Motion and the Sale Agreement are available from counsel to the Trustee upon request.

## I.    TERMS OF THE SALE

1.    The Trustee seeks Court approval to convey the Real Property to the Purchasers.

2.    The Trustee intends to sell the Real Property free and clear of liens, claims,
encumbrances and interests except as to restrictions, easements, and limitations as provided in
the Sale Agreement.   Pursuant to the Sale Agreement, the Real Property is to be sold in "as is"
and "where is" condition. Further, the Trustee is not making any representations or warranties
whatsoever, either express or implied, with respect to the Real Property.

3.    In accordance with the terms of the Sale Agreement, the Purchasers shall pay to
the Trustee on the closing date which shall be five days after Bankruptcy Court approval of the
sale or such other date agreed to by the parties ("Closing Date"), the Purchase Price for the Real
Property, in the amount of $652,000.00 which shall be paid as follows:

(i)    $25,000.00 previously paid as a deposit;

(ii)     $627,000 at the time of delivery of the deed.

## II.     THE REAL PROPERTY SHALL BE SOLD FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES

4.     Pursuant to 11 U.S.C. § 363(f), the Sale Motion and the Sale Agreement, the Real Property is to be sold to the Purchasers free and clear of liens, claims, interests and encumbrances whatsoever, known or unknown, including without limitation those noted in the Sale Motion.

5.     All valid liens, claims or encumbrances shall attach to the proceeds of the sale of the Real Property. The validity and enforceability of any contested lien shall be determined by the Bankruptcy Court after due notice and hearing.

## III.     DEADLINES FOR COUNTEROFFERS, OBJECTIONS TO THE SALE MOTION AND HEARING THEREON

6.     A HEARING ON THE SALE MOTION, ANY OBJECTIONS THERETO AND ANY COUNTEROFFERS FOR THE REAL PROPERTY, ARE SCHEDULED TO TAKE PLACE ON _____ ("SALE HEARING") BEFORE THE HONORABLE JANET E. BOSTWICK, UNITED STATES BANKRUPTCY JUDGE, United States Bankruptcy Court, John W. McCormack Post Office & Court House, 5 Post Office Square, Boston, Massachusetts 02109 ("COURT").  ANY PARTY WHO HAS FILED AN OBJECTION TO THE SALE MOTION OR COUNTEROFFER FOR THE PURCHASE OF THE REAL PROPERTY IS EXPECTED TO BE PRESENT AT THE SALE HEARING, FAILING WHICH THE OBJECTION MAY BE OVERRULED OR THE COUNTEROFFER STRICKEN. IF NO OBJECTION TO THE SALE MOTION OR COUNTEROFFER IS TIMELY FILED, THE COURT, IN ITS DISCRETION, MAY CANCEL THE SALE HEARING AND APPROVE THE SALE MOTION.

7.     Any objection to the Sale Motion must be in writing and filed with the Clerk, United States Bankruptcy Court, John W. McCormack Post Office & Court House, 5 Post Office Square, Boston, Massachusetts 02109, on or before _____ ("Objection Deadline"). A copy of any objection must be also served upon undersigned counsel to the Trustee so as to be received on or before the Objection Deadline. Any objection must state with particularity the grounds for the objection and the interest that the objecting party has in these proceedings, and shall be governed by Fed. R. Bankr. P. 9014.

## IV.     COUNTEROFFER PROCEDURES

8.     THROUGH THIS NOTICE, THE TRUSTEE HEREBY SOLICITS COUNTEROFFERS FOR THE REAL PROPERTY. Any and all counteroffers must be in an amount not less than $684,600. All counteroffers must be accompanied by a deposit equal to $25,000 in the form of a certified or bank check, wire transfer, or cash, made payable to the Trustee (the "Deposit") and delivered to counsel to the Trustee on or before _____ (the "Counteroffer Deadline"). Any competing bidder shall

demonstrate to the Trustee's reasonable satisfaction that it is financially able to consummate the sale.

9.      In the event of a timely counteroffer, each interested bidder shall have an opportunity to participate in an auction before the Bankruptcy Court, upon procedures approved by the Bankruptcy Court.

10.     Any counteroffer must be stated in writing and filed with the Clerk, United States Bankruptcy Court, John W. McCormack Post Office & Courthouse, 5 Post Office Square, Boston, Massachusetts 02109 on or before the Counteroffer Deadline.   A copy of any counteroffer must be also served upon the undersigned counsel to the Debtor so as to be received on or before the Counteroffer Deadline.

11.     Counteroffers must include an executed purchase and sale agreement upon terms substantially consistent or more favorable than the terms of the Sale Agreement. Counteroffers shall not be subject to further due diligence, may not contain any other conditions precedent to the consummation of the sale other than those provided in the Sale Agreement, and must state that the competing bidder is prepared to consummate the purchase of the Real Property within the same time period provided by the Sale Agreement.

## V.      SALE CLOSING

12.     The Deposit will be forfeited to the estate if the highest bidder fails to complete the sale by the date ordered by the Court.  The Trustee has requested that, if the sale is not completed by the highest bidder, the Court approve the sale of the Real Property to the next highest bidder.

13.     You may receive a complete copy of the Sale Motion at the address set forth below.  Any questions concerning the Sale Motion should be addressed to the undersigned.

Respectfully Submitted,

HAROLD B. MURPHY,
Chapter 7 Trustee
By his counsel,

 /s/ Kathleen R. *Cruickshank*
Harold B. Murphy (BBO #326610)
MURPHY & KING, Professional Corporation
One Beacon Street
Boston, Massachusetts  02108-3107
Tel: (617) 423-0400
Email: KCruickshank@murphyking.com

Dated: _____, 2020
773193