UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                                                            Chapter 13
                                                                                       Case No.: 20-10324

CHAPIN, BARRY.
Debtor

### MOTION OF CREDITOR JOANNE GRAF TO EXTEND TIME TO FILE COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF CERTAIN DEBTS PURSUANT TO 11 U.S.C. §523

Pursuant to Fed. R. Bankr. P. 4004 (B) and MLBR 9006-1, creditor Joanne Graf (hereinafter "Graf" or "Creditor") moves to extend the deadline for filing a complaint objecting to the dischargeability of certain debts owed to her by the Debtor, Barry W. Chapin, (the "Debtor"), pursuant to 11 U.S.C. §523, for a period of sixty (60) days, until and through **JULY 1, 2020**.

In support of this motion, Graf states as follows:

1. The Debtor filed a voluntary Chapter 7 petition commencing this case on February 4, 2020.

2. Harold B. Murphy, Esq., is the duly appointed and acting Chapter 7 Trustee of the estate of the Debtor.

3. The deadline for filing Complaints objecting to the Discharge of the Debtor or the Dischargeability of certain Debts is May 4, 2020.

4. Graf is a creditor of the Debtor. Graf is also the Plaintiff in a pre-petition action against the Debtor and his real estate brokers filed on December 23, 2019 and pending in the Circuit Court of the 15th Judicial Circuit for Palm Beach County, Florida (the "State Court Action"). That action (which is stayed as to the Debtor

by virtue of his bankruptcy filing) resulted from a 2019 residential lease transaction between the Debtor and Graf (the "Lease Transaction").

5. On or about July 30, 2019, Graf executed a certain Residential Lease for the property located at 185 N.E. 4th Street, Unit # 210, Delray Beach, Florida, known as OCEAN CITY LOTTS, (the "Leased Premises").

6. Under the Residential Lease, the lease term commenced on September 25, 2019, and ended on March 31, 2020.

7. At all material times, the Debtor was the landlord and/or property owner of the Leased Premises.

8. At all material times, the Debtor's real estate broker was the agent of the Debtor with respect to the Lease Transaction, and the actions of the Debtor's real estate broker are imputed to the Debtor or were otherwise ratified by the Debtor.

9. Under the terms of the Residential Lease, Graf was required to pay "advance rent" in the amount of $29,000.00, to be paid on or before September 1, 2019.

10. On or about August 20, 2019, Graf paid, by checks, for the respective amounts of $25.00 and $75.00, in order to apply for and obtain approval from the pertinent Homeowner Association governing the Leased Premises.

11. On or about August 28, 2019, the Debtor and/or the Debtor's real estate broker requested from Graf the "advance rent" payment due on September 1, 2019.

12. In response, Graf, through her own broker, requested confirmation that Graf had been approved by the pertinent Homeowner Association.

13. On or about August 28, 2019, the Debtor, through his real estate broker, confirmed to Ms. Graf that she had been approved by the pertinent Homeowner Association.

14. On or about August 29, 2019, in reliance upon the representations from the Debtor and his real estate broker, Graf paid to the Debtor, by wire transfer, the amount of $26,100.00, and also paid realtor fees ($1,450.00 each to the Debtor's real estate broker and Graf's real estate broker, respectively). These amounts totaled the sum of $29,000.00, which was the "advanced rent" amount required to be paid under the subject Residential Lease.

15. On or about September 26, 2019, in reliance upon these representations by the Debtor and his real estate broker, Graf flew from Bergen County, New Jersey to Palm Beach County, Florida, in order to take occupancy of the Leased Premises.

16. However, on or about September 26, 2019, Graf was refused occupancy to the Leased Premises by OCEAN CITY LOFTS, because she was allegedly **not approved** by the pertinent Homeowner Association.

17. At that same time and place, Graf was also advised by OCEAN CITY LOFTS that the reason she was denied approval from the Homeowner Association was that the Debtor was approximately $14,000.00 in arrears on fees due and owing to the pertinent Homeowner Association. This information was never provided to Graf by the Debtor or his real estate broker.

18. On or about September 27, 2019, attorneys then acting on behalf of Graf sent to the Debtor a letter demanding that the above-described circumstances be remedied by the Debtor and/or that the Debtor pay to Ms. Graf the proper amount

of her damages including a demand for the return of all "advance rent" amounts paid.

19. To date, Ms. Graf has been denied occupancy of the Leased Premises.

20. To date, the Debtor has refused to return the "advanced rent" funds to Ms. Graf.

21. As a result of these circumstances, Ms. Graf has incurred substantial damages including but not limited to the loss of the "advance rent" paid to the Debtor; in addition, Ms. Graf was forced to find a different rental unit, which was approximately $3,000.00 more expensive than the subject property for the same term.

22. Graf and her undersigned counsel seek an extension of time to review documentation and investigate all of the circumstances pertaining to the foregoing transaction in light of the Debtor's bankruptcy filing, in order to determine whether the Debtor's conduct potentially renders Graf's claims against him nondischargeable under 11 U.S.C. §523.

23. Accordingly, Graf respectfully requests that this Court enter an order extending the deadline for filing a Complaint objecting to the dischargeability of certain debts pursuant to 11 U.S.C. §523 as to creditor Joanne Graf for a period of sixty (60) days until **JULY 1, 2020**, and for such other and further relief as the Court deems appropriate under the circumstances.

                              Respectfully submitted,

5/1/2020                    Joanne Graf
                              By her attorney:

                              /s/ Andrew W. Evans
                              _____
                              Andrew W. Evans
                              Evans & Evans, P.C.
                              7 Essex Green Drive, Suite 5
                              Peabody, MA 01960
                              (978) 548-5174
                              BBO#: 556403

## **CERTIFICATE OF SERVICE**

I, Andrew W. Evans hereby certify that on the below date I caused a copy of the within Motion To Extend to be served upon the following parties by mailing the same by first class mail, postage prepaid, unless some other form of service is specified:

VIA ECF:

Harold Murphy, Esq., Chapter 7 Trustee
David Baker, Esq., attorney for Debtor
U.S. Trustee's Office

5/1/2020

/s/ Andrew W. Evans
Andrew W. Evans, Esq.
Evans & Evans, P.C.
7 Essex Green Drive
Suite #5
Peabody, MA 01960