UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>BARRY W. CHAPIN,<br><br>        Debtor. | Chapter 7<br>Case No. 20-10324-JEB |

**OBJECTION BY CHAPTER 7 TRUSTEE TO CREDITOR'S, OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC.'S MOTION FOR RELIEF FROM STAY**

Harold B. Murphy, Chapter 7 Trustee of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), files this objection (the "Objection") to the *Creditor's, Ocean City Lofts Condominium Association, Inc.'s Motion for Relief from Stay* [docket no. 147] (the "Motion") filed by Ocean City Lofts Condominium Association (the "Movant").

As is set forth in more detail herein, the Trustee objects to the Motion on the grounds that he is in the process of assessing the Action (defined herein) which he has removed the Bankruptcy Court. This Court has set a status conference in the removed Action, and the Movant is a party to the Action, and will therefore not be prejudiced by the denial of the Motion. In further support of the Objection, the Trustee states as follows:

## BACKGROUND

1. On February 4, 2020, (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, the Trustee was appointed.

2. Prior to the Petition Date, the Debtor was the owner of various real property, including the property located at 185 NE 4th Ave., Unit 210, Delray Beach, FL 33483 (the "Real Property").

3. In compliance with MBLR 4001-1(c), the Trustee answers the specific allegations of the Bank as set forth below.

**RESPONSE TO BANK'S SPECIFIC ALLEGATIONS**

4. The Trustee is without sufficient information to admit or deny the allegations set forth in paragraph one of the Motion and therefore denies same.

5. The Trustee admits that the Debtor owned the Real Property pre-petition and is without sufficient information to admit or deny the balance of the allegations set forth in paragraph two of the Motion and therefore denies same.

6. The Trustee is without sufficient information to admit or deny the allegations set forth in paragraph three of the Motion and therefore denies same. Further, the Final Order After Default is a document which speaks for itself.

7. The Trustee is without sufficient information to admit or deny the allegations set forth in paragraph four of the Motion and therefore denies same. Further answering, the Movant filed a Complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court") captioned *Ocean City Lofts Condominium Association, Inc. v. Barry Chapin and the United States of America*, C.A. No. 2019-003451 (the "Action"), which the Trustee has removed to the Bankruptcy Court, Adversary Proceeding No. 20-01063.

8. The Trustee is without sufficient information to admit or deny the allegations set forth in paragraph four of the Motion and therefore denies same. Further answering, the Movant commenced the Action in the State Court, which the Trustee has removed to the Bankruptcy Court, Adversary Proceeding No. 20-01063.

9. Paragraph six contains legal argument to which no response is required. To the extent that paragraph six contains factual allegations to which a response is required, the Trustee is without sufficient information to admit or deny the allegations and therefore denies same.

781617

Further answering, the Movant commenced the Action in the State Court, which the Trustee has removed to the Bankruptcy Court, Adversary Proceeding No. 20-01063. Further answering, the referenced default and the Final Summary Judgment of Foreclosure Including Judgement for Attorney's Fees and Costs against Debtor are documents which speak for themselves.

10. The Trustee is without sufficient information to admit or deny the allegations set forth in paragraph seven of the Motion and therefore denies same. Further answering, the Movant commenced the Action in the State Court, which the Trustee has removed to the Bankruptcy Court, Adversary Proceeding No. 20-01063. Further answering, the judgment is a document which speak for itself.

11. The Trustee is without sufficient information to admit or deny the allegations set forth in paragraph eight of the Motion and therefore denies same. Further answering, the Movant commenced the Action in the State Court, which the Trustee has removed to the Bankruptcy Court, Adversary Proceeding No. 20-01063. Further answering, the order is a document which speak for itself.

12. The Trustee is without sufficient information to admit or deny the allegation set forth in paragraph nine of the Motion and therefore denies same. Further answering, the Movant commenced the Action in the State Court, which the Trustee has removed to the Bankruptcy Court, Adversary Proceeding No. 20-01063. Further answering, the Certificate of Sale is a document which speak for itself.

13. Paragraph ten contains legal argument to which no response is required. To the extent that paragraph ten contains factual allegations to which a response is required, he Trustee is without sufficient information to admit or deny the allegations and therefore denies same. Further answering, the Movant commenced the Action in the State Court, which the Trustee has

removed to the Bankruptcy Court, Adversary Proceeding No. 20-01063.  Further answering, the Objection and Order Denying and Overruling the Objection are documents which speak for themselves.

14. The Trustee is without sufficient information to admit or deny the allegations set forth in paragraph eleven of the Motion and therefore denies same. Further answering, the Movant commenced the Action in the State Court, which the Trustee has removed to the Bankruptcy Court, Adversary Proceeding No. 20-01063.  Further answering, the Notice of Appeal and the Florida's Fourth District Court of Appeal's Order are documents which speak for themselves.

15. The Trustee is without sufficient information to admit or deny the allegations set forth in paragraph twelve of the Motion and therefore denies same.

16. The Trustee is without sufficient information to admit or deny the allegations set forth in paragraph thirteen of the Motion and therefore denies same.  Further answering, the Suggestion of Bankruptcy, which was filed by the Trustee, is a document which speaks for itself.

17. Paragraph fourteen contains legal argument to which no response is required. To the extent that paragraph fourteen contains factual allegations to which a response is required, the Trustee denies same.

18. Paragraph fifteen contains a legal argument to which no response is required.  To the extent that paragraph fifteen contains factual allegations to which a response is required, the Trustee denies same. Further answering, the judgment is a document which speaks for itself.

19. Paragraph sixteen contains a legal argument to which no response is required.  To the extent that paragraph sixteen contains factual allegations to which a response is required, the Trustee denies same.

781617

20. Paragraph seventeen contains a legal argument to which no response is required. To the extent that paragraph seventeen contains factual allegations to which a response is required, the Trustee denies same.

21. Paragraph eighteen contains a legal argument to which no response is required. To the extent that paragraph eighteen contains factual allegations to which a response is required, the Trustee denies same.

22. Paragraph 19(a) contains a mixture of legal argument and factual allegations. To the extent that paragraph 19(a) contains legal argument, no response is required. To the extent that paragraph 19(a) contains factual allegations to which a response is required, the Trustee is without sufficient information to admit or deny the allegations and therefore denies same.

23. Paragraph 19(b) contains a mixture of legal argument and factual allegations. To the extent that paragraph 19(b) contains legal argument, no response is required. To the extent that paragraph 19(b) contains factual allegations to which a response is required, the Trustee is without sufficient information to admit or deny the allegations and therefore denies same. Further, the first mortgage and the Notice of Federal Tax Lien are documents which speak for themselves.

24. The Trustee is without sufficient information to admit or deny the allegations set forth in paragraphs 19(c) and 19(d) of the Motion and therefore denies same.

25. Paragraph 19(e) contains a mixture of legal argument and factual allegations. To the extent that paragraph 19(e) contains legal argument, no response is required. To the extent that paragraph 19(e) contains factual allegations to which a response is required, the Trustee denies same.

26. The Trustee is without sufficient information to admit or deny the allegations set

5

forth in paragraph 19(f) and (g) of the Motion and therefore denies same

27. Paragraph twenty contains legal argument to which no response is required. To the extent that paragraph twenty contains factual allegations to which a response is required, the Trustee denies same.

28. Paragraph twenty-one contains legal argument to which no response is required. To the extent that paragraph twenty-one contains factual allegations to which a response is required, the Trustee denies same.

29. Paragraph twenty-two contains legal argument to which no response is required. To the extent that paragraph twenty-two contains factual allegations to which a response is required, the Trustee denies same.

30. Paragraph twenty-three contains legal argument to which no response is required. To the extent that paragraph twenty-three contains factual allegations to which a response is required, the Trustee denies same.

31. The Trustee is without sufficient information to admit or deny the allegation set forth in paragraph twenty-four of the Motion and therefore denies same.

32. The Trustee is without sufficient information to admit or deny the allegation set forth in paragraph twenty-five of the Motion and therefore denies same.

33. The Trustee is without sufficient information to admit or deny the allegation set forth in paragraph twenty-six of the Motion and therefore denies same.

34. Paragraph twenty-seven contains legal argument to which no response is required. To the extent that paragraph twenty-seven contains factual allegations to which a response is required, the Trustee denies same.

35. Paragraph twenty-eight contains a legal argument to which no response is

6

781617

required. To the extent that paragraph twenty-eight contains factual allegations to which a response is required, the Trustee is without sufficient information to admit or deny the allegations and therefore denies same.

36. Paragraph twenty-nine contains legal argument to which no response is required. To the extent that paragraph twenty-nine contains factual allegations to which a response is required, the Trustee denies same.

37. Paragraph thirty contains legal argument to which no response is required. To the extent that paragraph thirty contains factual allegations to which a response is required, the Trustee denies same.

38. Paragraph thirty-one contains legal argument to which no response is required. To the extent that paragraph thirty-one contains factual allegations to which a response is required, the Trustee denies same.

39. The Trustee is without sufficient information to admit or deny the allegations set forth in paragraph thirty-two of the Motion and therefore denies same.

40. Paragraph thirty-three contains legal argument to which no response is required. To the extent that paragraph thirty-three contains factual allegations to which a response is required, the Trustee denies same.

### Objection to Motion for Relief

41. The Trustee objects to the entry of an order granting relief from the automatic stay to the Movant on the grounds that the Trustee requires additional time to review the Action, which the Trustee has removed to the Bankruptcy Court at Adversary Proceeding No. 20-01063.

42. The United States of America has filed the *United States of America's Motion to Vacate Clerks' Entry of Default and Judgement, and Withdrawal of its Motion for Disbursement*

7

781617

*of Surplus Funds*, in which it seeks to vacate the entry of default against the United States obtained in the Action on the grounds of ineffective service of process.

43. The Trustee is in the process of administering the Debtor's properties and seeks additional time to assess the removed Action and the Movant's claims as they pertains to the Real Property in order to avoid prejudice to the Estate.

44. The Movant is a party to the removed Action, and as such, it will not be prejudiced by the denial of the Motion at the current time, but the Estate will prejudiced by the allowance of the Motion.

45. As such, no grounds exist to grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d).

WHEREFORE, based upon the foregoing, the Trustee requests that the Court deny the Motion and grant such other and further relief as is necessary and proper under the circumstances.

          HAROLD B. MURPHY, Chapter 7 Trustee of
          Barry W. Chapin,
          By his attorneys,

          */s/ Kathleen R. Cruickshank*
          Harold B. Murphy (BBO #326610)
          Kathleen R. Cruickshank (BBO #550675)
          MURPHY & KING, Professional Corporation
          One Beacon Street
          Boston, Massachusetts 02108
          Tel.: (617) 423-0400
          Fax: (617) 423-0498
          E-mail: kcruickshank@murphyking.com

Dated: June 19, 2020

781617