**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br>    BARRY WISNER CHAPIN,<br><br>    Debtor. | Chapter 7<br>Case No. 20-10324-JEB |
| HAROLD B. MURPHY, as he is the Chapter 7 Trustee of Barry Wisner Chapin,<br>    Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, MASSACHUSETTS DEPARTMENT OF REVENUE, BARRY WISNER CHAPIN, FERRIS DEVELOPMENT GROUP, LLC, and CITY OF BOSTON,<br>    Defendants. | Adversary Proceeding No.<br>20-01050 |
| HAROLD B. MURPHY, as he is the Chapter 7 Trustee of Barry Wisner Chapin,<br>    Plaintiff,<br>v.<br><br>OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC., UNITED STATES OF AMERICA, and 104 ANDOVER COURT LLC,<br>    Defendants. | Adversary Proceeding No.<br>20-01063 |
| HAROLD B. MURPHY, as he is the Chapter 7 Trustee of Barry Wisner Chapin,<br>    Plaintiff,<br>v.<br><br>OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC., UNITED STATES OF AMERICA, and 104 ANDOVER COURT, LLC,<br>    Defendants. | Adversary Proceeding No.<br>20-01090<br><br>**<u>ORDER AND NOTICE OF</u>**<br>**<u>VIDEO HEARINGS</u>** |

**ORDER AND NOTICE OF VIDEO HEARINGS**

       To expedite and facilitate all video hearings in the above-captioned chapter 7 case and related adversary proceedings, including the submission of evidence, the Court orders as follows:

**I.      GENERAL PROVISIONS**
.
1. **The Hearings.** This Order shall apply to all hearings (collectively "Hearings") that are to be held by video. No individual will be admitted into the courtroom for the Hearings or permitted to participate in the Hearings in any way not contemplated by this Order. This Order provides additional requirements related to the format of the Hearings, in addition to any requirements or deadlines set forth in orders entered regarding specific motions or other matters (the "Matters").

2. **Service of Order.**

   a.  Counsel for the Chapter 7 Trustee shall serve a copy of this Order on the United States Trustee, the Debtor, and all parties who have filed a notice of appearance, and file a certificate of such service by **December 4, 2020.**

   b.  Any party who intends to present evidence at a particular Hearing shall serve a copy of this Order on the party they represent and any witnesses they intend to call and file a certificate of service prior to the particular Hearing.

   c.  The Court may require additional service for a particular Matter be separate order.

3. **Hearings By Video.** As a result of the dangers presented by the COVID-19 pandemic, compelling circumstances exist that constitute good cause to require that all aspects of the Hearings, including witness testimony, on the Matters proceed by video transmission rather than in person. *See* Fed. R. Civ. P. 43(a), made applicable to the Matters by Fed. R. Bankr. P. 9017. The Court finds that the procedures adopted herein will provide adequate and "appropriate safeguards" for purposes of Fed. R. Civ. P. 43(a) and ensure due process of law. These procedures will: (i) enable the Court to identify, communicate with, and assess the demeanor of all witnesses in real time; (ii) enable counsel for the parties or a pro se party to see and hear the testimony of witnesses, interpose objections, and communicate with the Court in real time; (iii) enable the parties, the witnesses, and the Court to have simultaneous access to an identical set of pre-marked proposed exhibits; (iv) avoid any undue influence or interference with witnesses in connection with their testimony; and (v) preserve the ability of the parties to communicate with their counsel during the Hearings off the record, as the Court deems appropriate.

4. **The Video Platform.** The Hearings shall take place remotely using Zoomgov.com videoconference technology ("Zoom"). Zoom is available without charge for persons attending the Hearings. All counsel and witnesses who participate in the Hearings must undertake appropriate set up and testing of Zoom. Instructions for use of Zoom (the "Participant Guide for Video Hearings") and links to its tutorials can be found on the Court's website at:
http://www.mab.uscourts.gov/pdfdocuments/mab_participant_video_guide.pdf

5. **Required Equipment**.  The Participant Guide for Video Hearings provides information on what equipment counsel and interested parties must have to participate in the Hearings as well as helpful tips.  By participating in the Hearings, counsel and interested parties affirm that they:

   a. Have reviewed the Participant Guide for Video Hearings;
   b. Have viewed Zoom tutorials as required by the Participant Guide for Video Hearings; and
   c. Understand that the Court will not provide technical support.

## II.     INFORMATION REGARDING HEARING PARTICIPANTS

1. **Limit on Participation by Video.**  Parties and counsel are encouraged to limit video participation to those individuals who are necessary to the conduct of the Hearings.  If the number of individuals wishing to participate in the Hearings, in the Court's view, exceeds the number which would permit the efficient, stable, and reliable transmission of the Hearings by video, the Court may require that certain individuals participate in the Hearings only by telephone.  The Court will provide to each individual participating by telephone separate dial-in instructions, which may be used with any telephone equipment. *See* ¶ V, 3 below for information on General Public Access.

2. **Notice of Participation.** The participants shall include David G. Baker, Harold B. Murphy, Kathleen Cruickshank, Christopher Condon, Shawn Lu, Kevin Gaughen Jr., Ellen A. Shapiro, Bradley Sarnell, and Christine E. Devine. Any other counsel and pro se parties (with the foregoing, collectively, "Participants") who will be actively participating in a particular Hearing shall notify Leah Kaine, Courtroom Deputy, by e-mail at leah_kaine@mab.uscourts.gov no later than **one week before the scheduled hearing, unless the Court sets a different deadline for a particular matter**. The notification shall include the name and email address of each of the Participants as well as their respective roles in the Hearings.  The notification must include the telephone number at which the Participants may be reached during the Hearings and what type of device they will be using if anything other than a personal computer or tablet.

3. **Hearings Invitation**. Prior to a scheduled Hearing, the Courtroom Deputy will send an email to each Participant providing the login information to appear at that particular Hearing.  Those who receive the Hearing login information from the Court may not forward or otherwise share that invitation with any other persons except that counsel may share the login information with their client and members of their firm and/or staff as necessary.  Prior to the Hearing, the Courtroom Deputy will provide Hearing login information to all witnesses designated by the parties as set forth in ¶ III, 2 below.

4. **Participation at Hearing.**  All Participants expecting to participate in a Hearing and question a witness must attend the Hearing by video unless expressly exempted by the Court.

3

### III.  WITNESSES

1. **Remote Witness Testimony**.  Each witness called to testify shall be subjected to cross-examination at the Hearing and such testimony shall be by contemporaneous video transmission using Zoom, as provided in this Order.  The Court will administer the oath to each witness during the Hearings, and witness testimony will have the same effect and be binding upon each witness in the same manner as if such witness was sworn in by the Court in person in open court.

2. **Witness Information**. To provide additional safeguards for the acceptance of testimony from witnesses who are not physically present in the courthouse during the Hearings, any Participant calling a witness shall submit to the Courtroom Deputy, by e-mail at leah_kaine@mab.uscourts.gov **no later than 24 hours before the Hearing,** a list of witnesses who are reasonably anticipated to testify at the Hearing. Each list of witnesses must contain:

    a.  The name and title of each witness;
    b.  The place from which the witness will testify including city, state, and country (e.g. home, office - no addresses are required);
    c.  The email address to which the Courtroom Deputy can send login information to the witness; and
    d.  Whether anyone will be in the room with the witness during the testimony, and if so, who (name, title, relationship to the witness), and for what purpose.

    The Participant shall also send a copy of the email at the same time to the Chapter 7 Trustee, the Debtor, the United States Trustee, and any party who has filed a response or opposition to the Matters.

3. **Responsibility for Remote Witnesses**.  A Participant calling a witness shall be responsible for:

    a.  serving each witness with a copy of this Order and filing a Certificate of Service to that effect prior to the particular Hearing;
    b.  ensuring that the witness has received the login information from the Courtroom Deputy; and
    c.  ensuring that the witness has or has been offered access to: (i) all relevant exhibits prior to the particular Hearing; (ii) Zoom; and (iii) and internet service and required hardware at a suitable location sufficient to participate in the particular Hearing.

    Witnesses must make reasonable efforts to be available for a test of Zoom if notified by the Courtroom Deputy.

4. **Non-Party Witnesses Who Are Subject to a Subpoena.** Non-party witnesses whose appearance has been compelled by subpoena or who have agreed to appear without service of a subpoena ("Non-Party Witnesses") shall promptly provide to the Participant who intends to call them as a witness all of the information contemplated in ¶ III, 2 above. The Non-Party Witness shall make reasonable efforts to ensure their participation by video as contemplated by this Supplemental Order, including, if the Non-Party Witness is unable to ensure access and a stable connection as recommended by the Participant Guide for Video Hearings, *see* http://www.mab.uscourts.gov/pdfdocuments/mab_participant_video_guide.pdf by appearing at a location offered by the Participant at which appropriate equipment has been provided.

5. **Conduct of the Witness During Testimony**. When called to testify, a witness must be situated in such a manner as to be able to view the video screen and be seen by the Court. The Court and the Participants must be able to see clearly the entire face and shoulders of the witness. Unless otherwise permitted by the Court, while a witness is testifying at the Hearings, the witness shall not communicate with any person by any means, such as email, text, or handwritten notes, other than through the witness's sworn testimony. During testimony, the witness shall not access any exhibits, notes, documents, emails, texts, or other electronically stored information or exhibits, except as directed by counsel or the Court.

6. **Witness Responsibilities During Testimony.** Any witness who testifies during the Hearings is bound by the provisions of this Order and is subject to the impositions of sanctions for failure to comply with this Order as set forth in ¶ V, 6.

IV. **EXHIBITS**

1. **Marking Exhibits**. Each Participant must pre-mark copies of the proposed exhibits that the Participant reasonably anticipates offering at the Hearings. All pre-marked proposed exhibits must be aggregated into a PDF file or files, with a table of contents and bookmarks for each individual exhibit contained in the file(s) ("PDF Exhibits").

2. **Delivering Exhibits to Participants and the Court**. Each Participant must send, by email or other electronic means as may be approved by the Court, the PDF Exhibits to (a) jeb_exhibits@mab.uscourts.gov; and (b) the Debtor, the Chapter 7 Trustee, the United States Trustee, and any party who has filed a response or opposition to the Matters. The Court will establish the deadline for the submission of exhibits for a particular Hearing by separate order.

3. **Delivering Exhibits to Witnesses.** Each Participant must provide the PDF Exhibits to each witness who may testify at a particular Hearing and ensure that the PDF Exhibits are actually received by the witnesses by the deadline established by the Court.

4. **Presenting Exhibits at the Hearing**. Participants will utilize the Share Screen option on Zoom for the presentation of exhibits. Prior to the Hearing, the Participants must ensure that they are able to use Share Screen to enable the Court to identify and, if permitted, enter into evidence their proposed exhibits.

5

5. **Impeachment/Rebuttal Exhibits.** If a Participant wishes to use a document solely for impeachment or rebuttal purposes and such document was not contained in the PDF Exhibits, the Participant must be prepared to simultaneously email a PDF copy of the document to the Court and the witness during the Hearing.

## V.    ADDITIONAL PROVISIONS

1. **Court Formalities**.  Although it will be conducted by video, each of the Hearings constitutes a court proceeding and all formalities of a court proceeding must be observed in all respects, including proper decorum and attire. Although proper decorum is required, Participants are not expected to stand when the Judge enters or leaves the video hearing. Participants may stand during their argument or when questioning witnesses if they prefer but are not required to do so. Unless otherwise ordered by the Court, the Participants must keep their video on at all times during the Hearings.

2. **Recesses**.  Parties may request a recess to confer by a private Zoom breakout room, by telephone or by other means provided that there is no communication with a witness who has been called to the stand before that witness's testimony is concluded.

3. **General Public Access**.  The Hearings are open to the public.  The public is invited to listen to the Hearings by telephone.  Any person wishing to listen to a Hearing by telephone must email the Leah Kaine, Courtroom Deputy, leah_kaine@mab.uscourts.gov. Please note that if a request is not made at least one day prior to the particular Hearing, the Courtroom Deputy may not be able to respond.

4. **Recording Prohibited; Official Record**.  No person may record or capture images during the Hearings from any location by any means.  The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official record of the Hearings.

5. **Share Screen.**  The Share Screen function can only be used as permitted by the Court.

6. **Failure to Comply with This Order.**  Failure to appear at a scheduled Hearing or to comply with any terms of this Order, including the deadlines set forth herein, herein, may result in further orders including the imposition of sanctions against any person subject to this Order, such as by issuance of a reprimand, monetary fine, award of attorneys' fees, and/or denial of the Matters or the overruling of an objection, as the circumstances warrant.

Dated:  December 1, 2020

_Janet E. Bostwick_
Janet E. Bostwick
United States Bankruptcy Judge