UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>BARRY WISNER CHAPIN,<br><br>Debtor. | Chapter 7<br>Case No. 20-10324-JEB |
| HAROLD B. MURPHY, AS HE IS THE CHAPTER 7 TRUSTEE OF BARRY WISNER CHAPIN,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN CITY LOFTS CONDOMINIUM ASSOCIATION, INC., UNITED STATES OF AMERICA, and 104 ANDOVER COURT LLC<br><br>Defendants. | Adversary Proceeding<br>No. 20-01090 |

## STIPULATION OF SETTLEMENT

This stipulation of settlement (the "Stipulation") is made between Harold B. Murphy, the Chapter 7 Trustee of the Estate of Barry Wisner Chapin (the "Trustee") and Ocean City Lofts Condominium Association, Inc. ("Ocean City") (collectively, the "Parties") in order to resolve all issues between the Parties in *In re Barry Wisner Chapin*, Case No. 20-10324 (Bankr. D. Mass.) (the "*Bankruptcy Case*"), and related adversary proceedings: *Ocean City Lofts Condo. Ass'n v. Chapin et al.*, Adv. Proc. No. 20-1063 (Bankr. D. Mass.) (the "*Removed Adversary*") and *Murphy v. Ocean City Lofts Condo. Ass'n et al.*, Adv. Proc. No. 20-1090 (Bankr. D. Mass.) (the "*Fraudulent Transfer Adversary*").

**Recitals**

A.  WHEREAS, on March 15, 2019, Ocean City filed a complaint in *Ocean City Lofts Condo. Ass's, Inc. v. Chapin, et al.*, Case No. 2019 CA 003451 in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court") (the "*State Court Action*") to foreclose its lien for condominium association fees and costs in the amount of $2,141.57 against the real property located at 185 Northeast Fourth Avenue, No. 210, Delray Beach, Florida 33444 (the "Florida Property") and naming the United States as a Defendant.

B.  WHEREAS, On November 1, 2019, the State Court entered a Summary Judgment of Foreclosure which allowed Ocean City's foreclosure and stated that Ocean City's claim was superior to any claim of the United States. *Removed Adversary*, Adv. Proc. No 20-1063 [Doc. 1, p. 63-64].

C.  WHEREAS, on January 14, 2020, the State Court issued a Certificate of Sale for the Florida Property to 104 Andover Court LLC ("104 Andover") for a sale price of $121,600. There is currently understood to be $114,235.48 in excess sale proceeds being held in the State Court's registry (the "Escrowed Proceeds")

D.  WHEREAS, on February 4, 2020, Barry Wisner Chapin (the "Debtor") filed a Chapter 7 petition in the *Bankruptcy Case*. *Bankruptcy Case*, Case No. 20-10324 [Doc. 1].

E.  WHEREAS, on May 6, 2020, Ocean City filed a proof of claim, asserting a secured claim in the amount of $5,458.63 (the "Disputed Claim"). *Bankruptcy Case*, Case No. 20-10324 [Claim 8-1].

F.  WHEREAS, on June 5, 2020, the Chapter 7 Trustee removed the *State Court Action* to the Bankruptcy Court, where it was docketed as the *Removed Adversary*. *Removed Adversary*, Adv. Proc. No. 20-1063 [Doc. 1].

2

G.  WHEREAS, in the course of the *State Court Action* prior to removal, Ocean City collected more than $20,000 in fees and costs, including attorney's fees.

H.  WHEREAS, on June 6, 2020, Ocean City filed in the *Bankruptcy Case* a motion for relief from stay, seeking to proceed in the State Court to recover additional amounts from the Escrowed Proceeds, which was denied on July 28, 2020. *Bankruptcy Case*, Case No. 20-10324 [Doc. 147, 224].

I.  WHEREAS, on June 8, 2020, the United States filed a motion in the *Removed Adversary* to vacate the Summary Judgment of Foreclosure entered in the State Court Action insofar as it purported to direct the sale of the Florida Property free and clear of the United States' lien because the United States has alleged that it had not been properly served by Ocean City with the summons and complaint, and thus there was no jurisdiction over the United States. *Removed Adversary*, Adv. Proc. No. 20-1063 [Doc. 4].

J.  WHEREAS, on July 23, 2020, the Trustee filed a complaint in the *Fraudulent Transfer Adversary*, seeking among other things to set aside the sale of the Florida Property, and asserting a claim for unjust enrichment against Ocean City to recover fees and costs paid to Ocean City and its attorneys that the Trustee asserted were unwarranted. *Fraudulent Transfer Adversary*, Adv. Proc. No. 20-1090 [Doc. 1].

K.  WHEREAS, contemporaneously with this Stipulation, the Trustee and the United States are filing with the Bankruptcy Court a motion to approve a settlement agreement (the "Motion to Approve the United States Agreement") providing for, among other things, dismissal of the *Fraudulent Transfer Adversary* claims against parties other than Ocean City, remand of the *Removed Adversary* to the State Court, and relief from stay to allow the *Removed Adversary* to proceed in State Court.

**NOW THEREFORE**, subject to and conditioned upon the entry of an order of the Bankruptcy Court approving this Stipulation, the Parties do hereby agree as follows:

1. Settlement Payment. Ocean City shall pay to the Trustee $14,379.04 (the "Settlement Payment") within seven (7) days of the entry of an order approving this Stipulation (the "Approval Order"), unless the Approval Order overrules an objection and the Trustee believes the objecting party may appeal, in which case payment shall be made within 21 days of the Approval Order absent a stay pending appeal.

2. Disallowance of Claim. Upon the entry of the Approval Order, the Disputed Claim shall be deemed disallowed and expunged as a claim against the Estate.

3. Release and Waiver of Rights by Ocean City. Upon the entry of the Approval Order, Ocean City, its agents, attorneys, and all others claiming by, through, or under Ocean City: (1) remise, release and forever discharge the Estate, the Trustee and his representatives from any and all claims, demands, causes of action, obligations, damages and liabilities of any nature whatsoever, including without limitation, Ocean City's Disputed Claim and its asserted claims concerning the Escrowed Proceeds in the *Bankruptcy Case* and the *Removed Adversary*; (2) waive any rights they have or may have had with respect to the Escrowed Proceeds; (3) shall not take any further action, including filing any action or pleadings, to recover any portion of the Escrowed Proceeds; and (4) shall not attempt to foreclose or initiate any foreclosure action with respect to the Florida Property during the pendency of the *Fraudulent Transfer Adversary*.

4. Dismissal of Claims against Ocean City. Upon receipt of the Settlement Payment, the Trustee shall dismiss all claims against Ocean City in the *Fraudulent Transfer Adversary* with prejudice.

5. No Opposition by Ocean City. Ocean City shall not oppose the Motion to Approve the United States Agreement.

6. Other Rights Unaffected. Nothing in this Stipulation shall limit Ocean City's rights against any other party, including 104 Andover, except as set forth herein. Nothing contained herein shall be deemed an admission by the Parties.

7. Bankruptcy Court Approval. This Stipulation is subject to the approval of the Bankruptcy Court and is further conditioned upon the Bankruptcy Court's approval of the Motion to Approve the United States Agreement. If the Bankruptcy Court does not approve either this Stipulation or the Motion to Approve the United States Agreement, this Stipulation shall be void and have no force or effect.

8. No Other Preconditions. Each Party represents and warrants through the undersigned individuals that: (i) it/he/she has all necessary power and authority to execute and deliver this Stipulation and to perform his/her respective obligations hereunder; (ii) it/he/she has had an opportunity to fully review the provisions of this stipulation with attorneys of its/his/her own choice and is entering into this stipulation knowingly, voluntarily, and of its/his/her own free will; (iii) this Stipulation has been duly and validly delivered, and constitutes a legal, valid and binding obligation; and (iv) except as provided herein, no authorization, consent, approval or other action is or will be necessary as a condition to execution and delivery of this Stipulation and the performance of the obligations hereunder. This Stipulation shall not be subject to any rule that ambiguities are to be construed against the drafting Party.

9. Binding. The Parties acknowledge that each and every covenant, warranty, release and agreement contained in this Stipulation shall inure to the benefit of, and be binding upon, the agents, assigns, and successors in interest of the Parties.

10. Entire Agreement. This Stipulation constitutes the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous

agreements and understandings, oral or written, between the Parties with respect to such subject matter.

11. Counterparts. This Stipulation may be executed in multiple counterparts, by either an original signature or signature transmitted by facsimile transmission or other similar process (including portable document format (".pdf") and each copy so executed shall be deemed to be an original, and all copies so executed shall constitute one and the same Stipulation.

12. Choice of Law and Jurisdiction. This Stipulation shall be governed by and construed in accordance with the substantive law of the Commonwealth of Massachusetts, without regard to the conflict of laws principles thereof, and shall have the force and effect of an instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts. The United States Bankruptcy Court for the District of Massachusetts shall have and retain sole jurisdiction to resolve any disputes or controversies between the Parties arising from or related to this Stipulation.

| | |
|---|---|
| */s/ Jennifer V. Doran* | */s/ Shawn Lu* |
| JENNIFER V. DORAN | SHAWN LU |
| Hinckley Allen | Murphy & King, PC |
| 28 State Street | One Beacon Street, 12th Floor |
| Boston, MA 02109 | Boston, MA 02108 |
| T: (617) 345-9000 | T: (617) 423-0400 |
| F: (617) 345-9020 | F: (617) 423-0498 |
| jdoran@hinckleyallen.com | slu@murphyking.com |
| | |
| *Counsel for Ocean City Lofts Condominium Association, Inc.* | *Counsel for Harold B. Murphy, Chapter 7 Trustee* |

DATED: March 4, 2021